OPINION
{¶ 1} Mark A. King appeals from the judgment of the Lake County Court of Common Pleas, which found him to be a sexual predator under R.C. 2950.01(E). We affirm.
 {¶ 2} On January 8, 1993, in Case No. 2004-L-185, King pleaded guilty to two counts of attempted rape and one count of gross sexual imposition. The trial court sentenced King to concurrent prison terms of three to fifteen years and one year respectively.
 {¶ 3} In Case No. 2004-L-186, King pleaded guilty to one count of gross sexual imposition. The trial court sentenced King to one year in prison, with this term to be served concurrent with the sentences in Case No. 2004-L-185.
 {¶ 4} On September 8, 2004, the trial court held a consolidated hearing in the underlying cases and by entry filed October 12, 2004, found King to be a sexual predator. King filed a timely appeal from the trial court's judgment. We consolidated the cases for purposes of argument and disposition.
 {¶ 5} King's appeal raises one assignment of error, to wit, "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} For an offender to be adjudicated a sexual predator, the trial court must find, by clear and convincing evidence, that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E)(1). See, also,State v. Eppinger (2001), 91 Ohio St.3d 158, 163.
 {¶ 7} The trial court must consider the factors set forth in R.C. 2950.09(B)(3), but has discretion to determine the weight, if any, given to each guideline. State v. Thompson (2001),92 Ohio St.3d 584, paragraph one of the syllabus. These factors are: the offender's age; the offender's prior criminal or delinquency record regarding all offenses; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3)(a)-(j).
 {¶ 8} In reaching its decision, the trial court, "should discuss on the record the particular evidence and factors upon which it relie[d] in making its determination regarding the likelihood of recidivism." Eppinger, (2001), at 166. See, also,Thompson, at 588.
 {¶ 9} In State v. Randall (2001), 141 Ohio App.3d 160, we stated:
 {¶ 10} "Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry." (Internal citations omitted.) Id. at 165-66.
 {¶ 11} When reviewing a sexual predator adjudication, we must examine the record and determine whether the trier of fact had before it sufficient evidence to satisfy the burden of proof.State v. Stillman (Dec. 22, 2000), 11th Dist. No. 2000-L-015, 2000 Ohio App. LEXIS 6106, 3, citing, State v. Schiebel (1990),55 Ohio St.3d 71, 74.
 {¶ 12} In the instant case, the sole issue is whether the state presented clear and convincing evidence to establish King is likely to reoffend. Specifically, King directs us to consider that his age at the time of the hearing, thirty-five, decreases the likelihood he will reoffend. He points to his lack of history of violent offenses and the fact that he did not use drugs or alcohol to impair his victims. He point to evidence that he successfully completed a sex offender program while incarcerated, has actively furthered his education while incarcerated and has been involved in the Jaycees. He points out that while he was diagnosed as a pedophile and as having posttraumatic stress disorder, he was found not to have antisocial personality disorder. He noted he did not restrain his victims and that in fact, one of his victims left the room immediately after he touched the victim. The court psychologist found there was no evidence of death threats, physical assaults, or cruelty. Finally, King notes that while he has had limited relationships with age appropriate females, he did have a girlfriend prior to his incarceration, and has been incarcerated from a young age.
 {¶ 13} While all of these factors arguably weigh against a finding of likelihood of recidivism, we find the state presented ample evidence to support the trial court's judgment.
 {¶ 14} King was twenty-two years old at the time he committed the offenses at issue; his victims were five and ten year old boys. King has a prior criminal record including three sex offenses (two counts of gross sexual imposition and one count of sexual imposition.) King's offenses involved multiple victims. While King completed his sentences for his prior offenses and completed programs for sexual offenders while serving those sentences, he committed the instant offenses shortly after being released from his prior sentences. The court psychologist diagnosed King as a pedophile, exclusive type, attracted to both males and females. The state presented evidence that the underlying offenses were committed a part of a demonstrated pattern of abuse and that King threatened the victims and their families. The state presented evidence under subsection j that King is a fixated child molester with a sexual interest in children under thirteen years old; has low intelligence and poor social skills; and substitutes children for age appropriate relationships. Finally, the parties stipulated to the report of the court psychologist who found King to have a medium high risk of recidivism.
 {¶ 15} After reviewing the record and considering the above cited evidence, we cannot say the trial court clearly lost it way when it adjudicated King a sexual predator.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is without merit and the judgment of the Lake County Court of Common Pleas should be affirmed.
O'Neill, J., O'Toole, J., concur.